**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Laura McEVOY, Tropical Watch**
**Company, Ross B. Lichen,**
**Defendants-Appellants.**

**No. 86–5542**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 6, 1987.

---

Theodore J. Sakowitz, Federal Public Defender, Kenneth M. Swartz, Asst. Federal Public Defender, Miami, Fla., for McEvoy.

Arthur Joel Levine, Ft. Lauderdale, Fla., for Tropical & Lichen.

Leon B. Kellner, U.S. Atty., Thomas A.W. Fitzgerald, Mayra R. Lichter, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

On September 18, 1985, appellants Laura McEvoy, Ross Lichen, and Tropical Watch Company were indicted on various counts of trafficking and conspiracy to traffic in counterfeit watches in violation of 18 U.S.C. § 2320(a) and 18 U.S.C. § 371. After a five day trial, a jury found defendants guilty on all counts. These defendants now appeal. They argue that there was insufficient evidence to support a conviction, that the trial judge incorrectly instructed the jury on the applicable law, and that the Trademark Counterfeiting Act of 1984, 28 U.S.C. § 2320, is unconstitutional. We affirm.

Appellants first contend that the government failed to present sufficient evidence to sustain a conviction. Although

appellants admit that they sold watches, they argue that the government never proved that these watches were counterfeit. The record demonstrates otherwise. Appellants concede that the watches seized by the government bore imitation trademarks which were virtually identical to the registered trademarks of Rolex, Piaget, Gucci and other well-known watch companies. The testimony showed that the design of the replica watches was substantially similar to those with the genuine registered trademark. Government experts also testified that consumers frequently confuse these replica watches with their genuine counterparts. Even the defense witness, Susan Shelton, was unable to discern whether a watch shown her was one of the replicas sold by defendants or an authentically trademarked watch. Viewing the evidence in the light most favorable to the government, we conclude that a reasonable jury could find defendants guilty beyond a reasonable doubt. *See United States v. Bell,* 678 F.2d 547 (5th Cir.Unit B 1982) (en banc), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). *See, e.g., United States v. M. Laufer Enterprises,* 817 F.2d 759, n. 2 (11th Cir.1987) (documentary evidence and expert testimony establishing that the trademarks and watch designs were nearly identical to the registered products sufficient to sustain jury verdict).

■ Appellants next contend that the district court erred in failing to give a jury instruction they requested. Appellants argue that the trial judge's instruction was fatally incomplete since the trial judge refused to give an instruction which listed factors to be considered in determining whether the use of the fake trademark "is likely to cause confusion, to cause mistake, or to deceive." 18 U.S.C. § 2320(d)(1)(A)(iii). "A district court's refusal to give a requested instruction constitutes reversible error if and only if the instruction (1) is correct; (2) is not substantially covered by other instructions which were delivered; and (3) deals with some

point in the trial so important that the failure to give this instruction seriously impairs the defendant's ability to defend himself." *United States v. Blanton,* 793 F.2d 1553, 1560 (11th Cir.1986) (quoting *United States v. Williams,* 728 F.2d 1402, 1404 (11th Cir.1984)). Here, the jury instruction requested by defendant cannot satisfy the third prong of this test.[1] The instruction given by the trial judge closely tracked the language of the statute. In denying appellants' proposed instruction, the judge expressly noted that the salient factors could be argued by counsel to the jury. Defendants' counsel, in fact, argued all of the factors to the jury in closing argument. At that time defense counsel summarized the evidence elicited at trial regarding these factors and argued that there was no likelihood of confusion or mistake. Thus the omission of the requested instruction did not hamper defendants' ability to present their defense. *See United States v. Caporale,* 806 F.2d 1487, 1516 (11th Cir.1986); *United States v. Gray,* 751 F.2d 733, 735–36 (5th Cir.1985).

■ Appellants also contend that this court must strike down the Trademark Counterfeiting Act, 18 U.S.C. § 2320, as unconstitutional. Appellants assert that the statute does not adequately apprise ordinary persons of the proscribed conduct and therefore is unconstitutionally vague. We disagree. "[T]he fact that Congress could have worded a statute in a clearer fashion will not render it unconstitutional." *United States v. Marino-Garcia,* 679 F.2d 1373, 1383 (11th Cir.1982), *cert. denied,* 459 U.S. 1114, 103 S.Ct. 748, 74 L.Ed.2d 967 (1983); *see United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975); *cf. Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). The plain meaning of the statute cannot be seriously disputed. The statute prohibits trafficking in goods where one knowingly uses a counterfeit mark in connection with those goods. A counterfeit is defined as a spurious mark which is used in trafficking, is identical with or substantially indistinguishable

---

1. We express no opinion as to whether defendants' requested instruction satisfies the first two parts of this test. We also express no opinion as to whether the district court would have abused its discretion if it had given the requested instruction.

from a registered trademark, and is likely to cause confusion, mistake or deception. The act has been applied numerous times in a consistent manner [2] and without any court ever intimating that the act might be unconstitutionally vague. *See United States v. Torkington,* 812 F.2d 1347 (11th Cir.1987); *United States v. M. Laufer Enterprises,* 817 F.2d 759 (11th Cir.1987); *United States v. Baker,* 807 F.2d 427 (5th Cir.1986); *United States v. Infurnari,* 647 F.Supp. 57 (W.D.N.Y.1986); *United States v. Gonzalez,* 630 F.Supp. 894 (S.D.Fla. 1986). It is telling that the trial record reveals that appellants were very much aware that their actions in selling the watches violated the law.

Lastly, appellants argue that the statute unconstitutionally shifts the burden of proof to the defendant. This claim is without merit. The act is careful to impose the burden of proof on the defendant only in regard to affirmative defenses. The statute still requires that the government prove every element of the offense beyond a reasonable doubt. *See Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

The judgment of the district court is, accordingly, AFFIRMED.

---

**2.** Appellants can point to only a single aberrant district court opinion. This ruling was reversed on appeal. *United States v. Torkington,* 812 F.2d 1347 (11th Cir.1987).