UNITED STATES of America, Plaintiff,

v.

Manuel Antonio NORIEGA, Defendant.

No. 88–79–Cr.

United States District Court,
S.D. Florida.

Nov. 30, 1990.

Michael P. Sullivan, Guy Lewis, Myles H. Malman, James G. McAdams, Asst. U.S. Attys., for plaintiff.

Steven Kollin, Frank A. Rubino, Coconut Grove, Fla., Jon May, Miami, Fla., David L. Lewis, New York City, Leon E. Tozo, Coconut Grove, Fla., for defendant Noriega.

Samuel I. Burstyn, Miami, Fla., for defendant Del Cid.

Neil G. Taylor, Coconut Grove, Fla., for defendant Steiner.

Joel N. Rosenthal, Miami, Fla., for defendant Paredes.

Richard Sharpstein, Coconut Grove, Fla., for defendant Davidow.

William Meadows, Jr., Miami, Fla., for defendant Pardo.

Michael J. O'Kane, Fort Lauderdale, Fla., for defendant Miranda.

## ORDER DENYING MOTION TO DISQUALIFY JUDGE HOEVELER

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court upon the motion of Turner Broadcasting System, Inc. and Cable News Network, Inc. (hereinafter referred to collectively as "CNN") to disqualify Judge William M. Hoeveler from proceeding further in this case on those aspects involving CNN's broadcast of certain taped conversations of defendant General Manuel A. Noriega and the contempt proceedings against CNN stemming from the broadcast.

### I. Background

General Noriega is presently incarcerated at the Metropolitan Correctional Center in Dade County, Florida. Approximately four weeks ago, an undisclosed source provided CNN with recordings of telephone conversations between Noriega and his defense counsel, conversations which were allegedly taped by the government while Noriega was in prison. CNN wished to broadcast these recordings. Fearing that the broadcast's publicity could undermine his right to a fair trial, Noriega filed a motion to enjoin CNN from broadcasting the tapes on November 7, 1990.

The presiding judge in the district court, the Honorable William M. Hoeveler, was presented with the difficult task of resolving an unprecedented conflict between two fundamental constitutional rights: the right of the press to be free from any prior restraint on speech versus the right of an accused to a fair trial. On November 9, 1990, Judge Hoeveler ordered that the temporary restraining order he issued on November 8th would remain in effect for up to ten days or such lesser time as was needed by the court to review the tapes and reach a decision on the merits.

At a hearing on November 9, 1990, Judge Hoeveler stated that he had received information that CNN was planning to publish the tapes that evening. Judge Hoeveler warned that if CNN did so, CNN would be doing so in violation of the TRO and in contempt of court. CNN did broadcast a portion of a Noriega recording on the evening of November 9, 1990.

The motion presently before the court arises as a result of comments made by Judge Hoeveler subsequent to the publication. Judge Hoeveler stated in a November 10th court hearing that, on November 9th, in response to reporters' questions as he was leaving the courthouse, he said that CNN was in contempt as a result of the publication of the conversation.[1]

On November 10th, because of the judge's comments, CNN filed a motion in the district court to disqualify Judge Hoeveler from presiding over any part of this case having to do with CNN's right to broadcast the tapes or the contempt proceedings stemming therefrom. CNN claims that Judge Hoeveler is personally biased or prejudiced, as evidenced by his comments, and must not be involved with the matter regarding the tapes. CNN claims that if Judge Hoeveler were to preside over a hearing to determine if CNN contemptuously violated the TRO, CNN would be deprived of a fair contempt hearing, in violation of the due process clause of the Fifth Amendment, because Judge Hoeveler has already predetermined the issue. Hence, according to CNN, a disqualification under 28 U.S.C. § 144 is mandated.

On the same day CNN filed this motion to disqualify in the district court, CNN also petitioned the United States Court of Appeals for the Eleventh Circuit for a writ of mandamus or prohibition directing the district court to refrain from hearing Noriega's contempt motion, pending CNN's appeal of the temporary injunction. In a supplement to its petition, CNN also asked for Judge Hoeveler's disqualification from the contempt matter on the basis of his prejudice against CNN. CNN made arguments that were essentially identical to those in the motion now before this court. CNN claimed Judge Hoeveler's predetermination of the issue violated CNN's right to due process guaranteed by the Fifth Amendment. CNN also claimed that Judge Hoeveler's comments were in violation of Canon 3 of the Code of Judicial Ethics, and that his conduct required his disqualification pursuant to 28 U.S.C. § 455.

On the very day CNN petitioned the Eleventh Circuit, the appellate tribunal issued a *per curiam* opinion denying the relief requested by CNN.[2] Because it appeared that the Eleventh Circuit had resolved the disqualification issue, this court ordered CNN to show cause why the motion to disqualify filed in the district court was not moot. Upon receipt of CNN's response, the court ordered the other parties to brief the issue and set the matter for oral argument to be held on November 27, 1990.

At the hearing, counsel for CNN and counsel for the government waived their opportunity for oral argument on the disqualification motion, choosing to rely on the written briefs. After carefully considering all of the briefs submitted, the court

---

1. As I was leaving the courthouse last night and driving out of the passageway, I made the mistake of having my left window down, and as I stopped before entering the street, which was a prudent thing to do, I had a camera and a cleve light in my face almost immediately. It turns out they were CNN reporters. The conversation I don't remember exactly, but it was, well, what are you going to do now? And I said, well, I don't know, nobody has moved for anything. And, well, is CNN in contempt? I said, yes, they're in contempt, which is exactly what I had said in the courtroom or in chambers when we had an open hearing. They said, well, what kind of penalties can be imposed? I said, well, there are several sanctions that can be imposed, money among them, and there were a few other questions, and I said, gentlemen, it's time to go home, good night, and thank you, and I drove on.
Transcript of Hearing Before the Honorable William M. Hoeveler (November 10, 1990 at 3:30 p.m.) at 10, *United States v. Noriega*, No. 88–79–Cr–Hoeveler.

2. *In re Cable News Network, Inc. and Turner Broadcasting System, Inc.*, 917 F.2d 1543 (11th Cir.1990).

concludes that the Eleventh Circuit's decision constitutes the law of this case and precludes this court from examining the merits of the disqualification issue.

## II. Discussion

### A. *The Law of the Case*

 The law of the case doctrine has been called "an amorphous concept." *Arizona v. California*, 460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). It is not designed to function as an "inexorable command," but is instead "based on the salutary and sound public policy that litigation should come to an end." *White v. Murtha*, 377 F.2d 428, 431 (5th Cir.1967)[3]; *see also Litman v. Massachusetts Mutual Life Insurance Co.*, 825 F.2d 1506, 1511–12 (11th Cir.1987) (en banc), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). The doctrine also seeks to "discourage 'panel shopping,' and ensure the obedience of lower courts." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985) (citing *United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir.1984); *Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 665 (5th Cir.1974), *cert. denied*, 420 U.S. 929, 95 S.Ct. 1128, 43 L.Ed.2d 400 (1975)), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986).

 The specific application of the law of the case doctrine before this court is known as "the mandate rule." *Piambino*, 757 F.2d at 1120. This application of the law of the case doctrine provides that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990) (quoting *Dorsey v. Continental Casualty Co.*, 730 F.2d 675, 678 (11th Cir. 1984), *quoted in Westbrook v. Zant*, 743 F.2d 764 (11th Cir.1984)). The exceptions to the doctrine that allow a subsequent court to reconsider the matter are: (1) the presentation of new and substantially different evidence; (2) an intervening change in the law applicable to the issue to be

reconsidered; and (3) a finding that the prior decision is clearly erroneous and would work manifest injustice. *Id.* at 371; *Litman*, 825 F.2d at 1510; *Joshi v. Florida State University Health Center*, 763 F.2d 1227, 1231 (11th Cir.), *cert. denied*, 474 U.S. 948, 106 S.Ct. 347, 88 L.Ed.2d 293 (1985); *Piambino*, 757 F.2d at 1120.

In the instant case, CNN has filed a motion to disqualify Judge Hoeveler under 28 U.S.C. § 144. Yet, the Eleventh Circuit has already considered and denied a petition for a writ of mandamus seeking to disqualify Judge Hoeveler pursuant to 28 U.S.C. § 455. *In re Cable News Network, Inc. and Turner Broadcasting System, Inc.*, 917 F.2d 1543 (11th Cir.1990). The denial of CNN's petition for disqualification is the law of the case. The motion filed before this court and the petition filed before the court of appeals were each filed pursuant to separate sections calling for the disqualification of judges on the basis of personal bias and prejudice. 28 U.S.C. §§ 144, 455. Commenting on the extent to which these two sections may differ, some courts have noted that § 144 places a greater procedural burden on the party seeking disqualification of a judge. *See United States v. Phillips*, 664 F.2d 971, 1002 n. 36 (5th Cir. Unit B Dec. 28, 1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1019 & n. 6 (5th Cir. Unit A Feb. 23, 1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982). *But see In re Bokum Resources Corp.*, 26 B.R. 615, 620 (D.N.M. 1982). While these courts note that § 455 may place a less demanding burden on the party seeking disqualification, the section imposes a stricter standard on the presiding judge by virtue of the section's self-executing nature. Because the Eleventh Circuit has denied CNN's petition seeking disqualification pursuant to 28 U.S.C. § 455, the issues of personal bias and prejudice under either section have necessarily been

---

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit, including Unit A, handed down prior to October 1, 1981.

determined by the appellate court.[4] Such determinations are the law of the case. *See Heathcoat*, 905 F.2d at 370 ("[T]he law is clear, however, that the law of the case doctrine 'comprehends things *decided by necessary implication* as well as those decided explicitly.'" (citation omitted)).

Before this court will consider the motion to disqualify filed by CNN, the court must first find that one of the exceptions to the law of the case doctrine is present. The circumstances of this case, however, warrant no such finding. First, CNN submitted a videotape, a newspaper account, and affidavits for the court of appeals to consider in ruling on the petition for a writ of mandamus. CNN's Supplemental Memorandum of Law in Support of Motion to Disqualify at 3 n. 3, *United States v. Noriega*, No. 88–79–Cr–Hoeveler. No new and substantially different evidence appears to exist. Second, there has been no intervening change in the law. Third, this court does not find that the court of appeals' decision is clearly erroneous or that it works manifest injustice.

### B. *CNN's Arguments Against Application of the Law of the Case*

█ In response to this court's order to show cause why the motion to disqualify was not moot, CNN offered its reasons in its memorandum of law in support of the motion to disqualify, filed November 19, 1990. First, CNN argues that disposition by the Eleventh Circuit does not satisfy the procedural requirement of 28 U.S.C. § 144 that a disqualification motion must be submitted first to the district court judge who is the subject of the motion. CNN expounds on this argument in its supplemental memorandum of law in support of its motion to disqualify, filed November 26. CNN states that perhaps the Eleventh Circuit denied relief on the basis that the

matter was not properly before the court. CNN goes on to say that "[i]t is the general rule ... that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

If this was indeed a concern of the court of appeals, the court could have easily expressed its concern. Instead, it simply denied the petition without discussion. In contrast, the court of appeals noted that it lacked jurisdiction to hear an oral order that had not been entered on the docket. The court, however, made no indication that the petition seeking disqualification was denied on any procedural or jurisdictional ground; the disqualification was addressed pursuant to a petition for a writ of mandamus or prohibition. In addition, the Supreme Court in *Wulff* explained that there are circumstances in which a federal appellate court can resolve an issue not passed on below. *Id.* at 121, 96 S.Ct. at 2877.

The Court in *Wulff* explained that the reason for the general rule is to give the parties an opportunity to offer evidence. In appellate proceedings, the parties are rarely given an opportunity to present evidence before the court. In the instant situation, however, CNN took advantage of its opportunity to offer evidence in the Eleventh Circuit.[5]

Certainly in the present situation, the Eleventh Circuit could and did resolve the disqualification issue. Moreover, CNN has already petitioned the Supreme Court for a writ of certiorari, but certiorari was denied.

CNN also argues that the disqualification petition filed in the Eleventh Circuit is separate and distinct from the motion filed in this court. CNN claims that the district court motion only seeks disqualification as to the contempt hearing, and not as to any

---

**4.** CNN has argued, however, that the Eleventh Circuit's opinion did not address the merits of disqualification and is thus not the law of the case. For the reasons set forth below, this court disagrees and finds that the Eleventh Circuit did indeed determine the merits of the disqualification petition, albeit without discussion.

**5.** *See* CNN's Supplemental Memorandum of Law in Support of Motion to Disqualify at 3 n. 3, *United States v. Noriega*, No. 88–79–Cr–Hoeveler. CNN has also argued that there was absolutely no record evidentiary basis for the Eleventh Circuit's conclusion. However, CNN later admitted that evidence was submitted to the Eleventh Circuit. *Id.* (listing the evidence submitted to the Eleventh Circuit for review).

other proceeding. However, both the motion and the petition were aimed at the contempt proceedings. Further, even if the appellate motion was substantially broader than the district court motion, the court cannot imagine how the resolution in the appellate court would not also resolve the narrower motion filed in the district court.

III. Conclusion

This court has carefully reviewed both the motion and the petition seeking the disqualification of Judge William M. Hoeveler. It has also carefully reviewed the *per curiam* opinion of the Eleventh Circuit and the memorandums of law filed pursuant to this court's order to show cause. The parties were additionally given an opportunity to present oral argument on the issues that are addressed in this order. Based on a review of these matters, this court finds that the Eleventh Circuit's opinion establishes the law of the case on the matter of disqualification. Accordingly, after careful consideration, this court

ORDERS and ADJUDGES that the motion to disqualify Judge William M. Hoeveler is hereby DENIED.

DONE and ORDERED.