956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie Lee ROBINSON, a/k/a Butch, Defendant-Appellant.
 No. 91-5144.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 27, 1992.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-90-72)
 Mark A. Atkinson, Andrew L. Paternostro, Steptoe & Johnson, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Michael M. Fisher, Assistant United States Attorney, Charleston, W. Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Freddie Lee Robinson was convicted of conspiracy to distribute crack (21 U.S.C. § 846 (1988)) and possession with intent to distribute crack (21 U.S.C.A. § 841 (West 1981 & Supp.1991). He appeals his conviction and the sentence imposed on the grounds that the district court deprived him of a justifiable defense theory by refusing to give a requested jury instruction, and erred in finding that he was the leader or manager in a criminal activity involving five or more people. We affirm.
 
 
 2
 The evidence before the jury was that Robinson was arrested in a motel room with Albert Woodson, Cheryl Hall, and Dorianne Lassinger. He had in his pocket an aspirin bottle containing nine or ten rocks of crack cocaine. In the bathroom, authorities found Lassinger in the act of smoking crack. Lassinger cooperated in return for immunity and testified at Robinson's trial that she, Robinson, and the two others present had consumed drugs together at various locations in the several days preceding the arrest. She said she had paid Robinson to obtain drugs, but that she had not paid for all the drugs Robinson bought, and that she had seen him sell crack to a couple at a different motel a day or so before the arrest. On the night of the arrest, Robinson had taken $100 of Lassinger's money and gone off with Woodson to obtain drugs. When the two returned after several hours, Robinson had the aspirin bottle of crack which was found on him when he was arrested.
 
 
 3
 Robinson requested a jury instruction which read:
 
 
 4
 [J]oint purchasers and possessors of a controlled substance who intend to share the substance between themselves as users may not be found guilty of a felony of possession with intent to distribute as distinguished from a misdemeanor of simple possession.
 
 
 5
 The district court refused to give this instruction, but instructed the jury on joint and constructive possession and on the lesser-included offense of simple possession. In this appeal, Robinson contends that the instruction should have been given because the jury could have concluded from the evidence that he, Lassinger, and Hall were engaged in a joint venture to obtain crack for personal use only, that Lassinger and Hall therefore had constructive possession of the crack when he bought it even though they were not present--thus no distribution occurred when he gave the crack to Lassinger--and that he had no intention of distributing it to anyone else.
 
 
 6
 Robinson relies on United States v. Swiderski, 548 F.2d 445 (2d Cir.1977), which held that no distribution occurred between a man and his fiancee who purchased cocaine together and passed it between themselves to sample it before making the purchase. However, the argument Robinson makes was rejected, on almost identical facts, in United States v. Wright, 593 F.2d 105 (9th Cir.1979). See also, United States v. Holmes, 722 F.2d 37 (4th Cir.1983) (co-conspirator can be guilty of distribution of cocaine to another co-conspirator). Here, moreover, there was evidence contrary to Robinson's defense that the group was simply purchasing drugs together for personal use and sharing them; there was evidence that Robinson was purchasing drugs on his own and selling them to others outside the group which was using drugs together. See United States v. Young, 822 F.2d 1234, 1241 (2d Cir.1987). Because the requested instruction did not comport with the law or the facts, the district court did not err in refusing to give it. United States v. Williams, 728 F.2d 1402 (11th Cir.1984).
 
 
 7
 At the sentencing hearing, the court heard evidence that, during the six-month period prior to his arrest, Robinson had sold crack through more than five people. Two of those who had sold crack for him testified at the hearing. A third had sold crack to an informant the night before his arrest; another was Woodson, who had participated in distributing crack to Hall and Lassinger. Robinson admitted using drugs but denied ever selling them. On this evidence, the district court's factual determination that Robinson's offense level should be increased by four was not clearly erroneous. United States Sentencing Commission, Guidelines Manual, § 3B1.1 (Nov. 1989); United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3362 (U.S.1990).
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.