[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15394
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00075-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD SCHALLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 21, 2010)

Before BLACK, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Schaller appeals his convictions for altering, destroying, mutilating,

and concealing a corporate record with the intent to impair the record's integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(c); making a false declaration before a grand jury, in violation of 18 U.S.C. § 1623; making a false statement, in violation of 18 U.S.C. § 1001; and twenty-nine counts of aiding and abetting a codefendant, who participated as a government employee in a contract in which the codefendant had a financial interest, in violation of 18 U.S.C. §§ 208, 216(a)(2), and 2. These charges arose from Schaller's involvement in concealing the fact that his codefendant Mark O'Hair, who was a former project manager for the Air Force Research Lab ("AFRL") at Eglin Air Force Base, was also a director of Schaller's company, Schaller Engineering, Inc. ("SEI"), which received Air Force contracts.

I.

Schaller argues that the district court abused its discretion by denying his request to subpoena six Air Force officials under Federal Rule of Criminal Procedure 17(b). We review the denial of a Rule 17(b) motion for abuse of discretion. United States v. Rinchack, 820 F.2d 1557, 1566 (11th Cir. 1987). A defendant making a Rule 17(b) motion bears the burden of articulating specific facts that show that a requested witness's testimony is relevant and necessary. Id. "[O]nce the defendant asserts facts which, if true, would be relevant to any issue,

2

the motion for a subpoena must be granted unless the assertions are facially incredible or unless the government can show that they are untrue or that the request is frivolous." United States v. Hegwood, 562 F.2d 946, 953 (5th Cir. 1977).[1] If the defendant adequately asserts relevant facts, then "the burden of showing lack of truth, frivolousness or abuse of process falls on the government." Id.

Schaller argues that the testimony of the six Air Force officials would have been relevant to his defense that the government waived O'Hair's conflict of interest. Section 208 of Title 18 of the United States Code provides that

> whoever, being an officer or employee of the executive branch of the United States Government, . . . participates personally and substantially as a Government officer or employee . . . in a . . . contract . . . or other particular matter in which, to his knowledge, he . . . [or an] organization in which he is serving as . . . director . . . has a financial interest [shall be guilty of a felony].

18 U.S.C. § 208(a). Subsection (a) does not apply

> if the officer or employee first advises the Government official responsible for appointment to his or her position of the nature and circumstances of the . . . contract . . . or other particular matter and makes full disclosure of the financial interest and receives in advance a written determination made by such official that the interest is not so substantial as to be deemed likely to affect the integrity of the services which the Government may expect from such officer or employee.

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Id. § 208(b)(1).

Schaller tells us that, if subpoenaed, at least some of the Air Force officials would have testified that they knew about O'Hair's conflict of interest, and all of them would have testified to the existence of an Air Force acquisition plan that fostered conflicts of interest in violation of Air Force policy. But even if this is true, the witnesses' testimony would not have been relevant to Schaller's waiver defense. Schaller never indicated to the district court that any of the six witnesses would testify that O'Hair disclosed his position as an SEI director, or that he sought and received a written opinion waiving the conflict. See id. (providing that a conflict of interest may be waived only if the government employee makes a full disclosure and obtains a written opinion stating that the conflict is waived); see also United States v. Hedges, 912 F.2d 1397, 1401 (11th Cir. 1990) (noting that the provisions of 18 U.S.C. § 208(a) may be waived if the government employee makes a full disclosure and obtains a written opinion).

Schaller also argues that the witnesses' testimony about the existence of the acquisition plan would show that he lacked the mens rea necessary to be convicted of aiding and abetting O'Hair's personal and substantial participation in contracts in which O'Hair had a financial interest. But this argument fails because what other people know about the acquisition plan has no bearing on Schaller's own

4

personal knowledge and intent.  For these reasons, the district court did not abuse its discretion in denying his Rule 17(b) motion.

## II.

Schaller next argues that the district court erred in declining to instruct the jury on Federal Acquisition Regulation ("FAR") 9.504, insofar as the regulation was relevant to his defense theory that the Air Force waived any conflict of interest.[2]  "We review a district court's refusal to give a particular jury instruction for abuse of discretion."  Beckford v. Dep't of Corr., 605 F.3d 951, 957 (11th Cir.

---

[2] FAR 9.504 reads, in relevant part:

(a) Using the general rules, procedures, and examples in this subpart, contracting officers shall analyze planned acquisitions in order to --

> (1) Identify and evaluate potential organizational conflicts of interest as early in the acquisition process as possible; and
>
> (2) Avoid, neutralize, or mitigate significant potential conflicts before contract award.

. . .

(e)  The contracting officer shall award the contract to the apparent successful offeror unless a conflict of interest is determined to exist that cannot be avoided or mitigated.  Before determining to withhold award based on conflict of interest considerations, the contracting officer shall notify the contractor, provide the reasons therefor, and allow the contractor a reasonable opportunity to respond.  If the contracting officer finds that it is in the best interest of the United States to award the contract notwithstanding a conflict of interest, a request for waiver shall be submitted in accordance with 9.503.  The waiver request and decision shall be included in the contract file.

48 C.F.R. § 9.504.

2010) (internal quotation marks omitted).[3]

"A criminal defendant has the right to have the jury instructed on [his] theory of defense, separate and apart from instructions given on the elements of the charged offense." United States v. Ruiz, 59 F.3d 1151, 1154 (11th Cir. 1995). "A trial court may not refuse to charge the jury on a specific defense theory where the proposed instruction presents a valid defense and where there has been some evidence adduced at trial relevant to that defense." Id. A district court's refusal to give a requested jury instruction constitutes reversible error only if the requested instruction "(1) is correct; (2) is not substantially covered by other instructions which were delivered; and (3) deals with some point in the trial so important that the failure to give this instruction seriously impairs the defendant's ability to defend himself." United States v. Williams, 728 F.2d 1402, 1404 (11th Cir. 1984).

Schaller has failed to show that the requested instruction addressed a point so important that the failure to give the instruction seriously impaired his ability to defend himself. See id. Any reading of FAR 9.504 cannot change the fact that FAR 9.503 provides that a conflict of interest waiver request "must be in writing,

_____

[3] Schaller argues that this abuse of discretion standard is unconstitutional, and he urges us to review *de novo* the district court's failure to give his proposed instruction. In doing so, he asks us to ignore our precedent setting this standard. Under the prior precedent rule, this Court is "'bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.'" United States v. Martinez, 606 F.3d 1303, 1305 (11th Cir. 2010) (quoting United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008)).

shall set forth the extent of the conflict, and requires approval by the agency head or a designee." 48 C.F.R. § 9.503. Schaller acknowledges that "the waiver of conflict was never done in writing." With these facts, Schaller could not produce the evidence necessary for the jury to conclude that the waiver requirements set forth in 18 U.S.C. § 208(b) or FAR 9.504 and 9.503 had been satisfied. He was therefore not entitled to a jury instruction referencing FAR 9.504 for the purposes of his waiver defense, because this would not have been a "*valid* defense." See Ruiz, 59 F.3d at 1154 (emphasis added). Schaller also appears to argue again here, as he did before the district court, that the instruction was relevant to whether Schaller had the mens rea necessary to be convicted of aiding and abetting O'Hair's conflict of interest. Under this theory, however, the instruction would have failed the second prong of the Williams test. As the district court explained, the issue of intent was adequately covered by the instructions given on the elements of the offense. See Williams, 728 F.2d at 1404.

For each of these reasons, Schaller's convictions are **AFFIRMED.**