[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14289
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80361-KLR


ARTHUR J. GALLAGHER SERVICE COMPANY,
RISK PLACEMENT SERVICES, INC.,

Plaintiffs- Counter Defendants
Appellees,

versus

THOMAS EGAN,

Defendant-Counter Claimant-
Appellant,

GENESEE SPECIAL BROKERAGE, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Egan appeals the summary judgment and the permanent injunction entered in favor of Arthur J. Gallagher Service Company and Risk Placement Services, Inc. (collectively "Gallagher"), on their complaint that Egan breached his employment agreement by violating its covenants not to disclose confidential information and not to solicit or accept accounts that he serviced for Gallagher. The district court issued a preliminary injunction to enforce the covenants, and we affirmed, Arthur J. Gallagher Service Co. v. Egan, 514 Fed. App'x 839 (11th Cir. 2013). Later, the district court entered summary judgment in favor of Gallagher and awarded it a permanent injunction "[f]or the reasons stated in [the] Order granting summary judgment." After Egan appealed, we directed the parties to file supplemental briefs addressing whether the judgment of the district court is final in the light of an unresolved motion for attorney's fees and, "if not, whether this Court [could] otherwise review the . . . summary judgment order in conjunction with the order of permanent injunction." We conclude that we have jurisdiction to review the judgment, and we affirm.

We have jurisdiction over this appeal. Regardless of the unresolved motion for attorney's fees, as a court of appeals, we have jurisdiction to review the interlocutory order of the district court that granted Gallagher a permanent

2

injunction against Egan.  See 28 U.S.C. § 1292(a)(1); Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1471 (11th Cir. 1985).  The injunction is premised on the determination that Gallagher is entitled to summary judgment on its complaint that Egan violated the nondisclosure and nonsolicitation covenants in his employment contract.  Because "we cannot properly exercise our jurisdiction under [section] 1292(a)(1) without also reviewing the grant of . . . summary judgment," Cooke, 764 F.2d at 1472, we extend our pendent appellate jurisdiction to review the order of summary judgment.

The district court did not err by entering summary judgment in favor of the complaint of Gallagher that Egan breached his employment agreement.  Egan argues that he was relieved of his obligations under the restrictive covenants because Gallagher first breached the agreement, but in the absence of any new evidence being introduced by the parties on that subject, the doctrine of the law of the case bars us from considering, for a second time, a legal issue that we resolved on appeal of the preliminary injunction.  We concluded earlier that Egan's written offer of a specific salary and incentive payments did not supersede the right of Gallagher, under paragraph two of the employment agreement, to modify Egan's salary.  See Egan, 514 Fed. App'x at 842–43.  That decision "must be followed in all subsequent proceedings in the same case . . . unless (1) the evidence on a subsequent trial [is] substantially different, (2) controlling authority has since

3

[changed] . . ., or (3) the decision was clearly erroneous and would work a manifest injustice." United States v. Williams, 728 F.2d 1402, 1406 (11th Cir. 1984). Because Egan fails to cite any controlling authority or argue that earlier decision was clearly erroneous, we will not "relitigate [a] settled issue[]." United States v. White, 846 F.2d 678, 685 (11th Cir. 1988).

The district court did not abuse its discretion when it entered a permanent injunction in favor of Gallagher. The injunction, in relevant part, prohibits Egan from accepting insurance accounts that Egan serviced for Gallagher. Egan argues the injunction impermissibly punishes him for wrongfully soliciting those accounts, see White v. Sparkill Realty Corp., 280 U.S. 500, 511, 50 S. Ct. 186, 189 (1930), but we disagree. Egan agreed to abstain "for a period of two (2) years following the termination of his employment for any reason whatsoever," from "accept[ing] . . . the renewal . . . of any insurance or reinsurance . . . for[] any existing . . . account or any actively solicited prospective account . . . for which he performed any . . . functions during the two-year period immediately preceding [his] termination." The injunction simply enforces that covenant.

We **AFFIRM** the permanent injunction in favor of Gallagher.