881 F.2d 1085
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clark Keith WEEKS, Defendant-Appellant.
 No. 88-3032.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1989*.
Decided July 31, 1989.
 Before TANG, NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clark Keith Weeks appeals his conviction for forcibly impeding, intimidating and interfering with two IRS agents in violation of 18 U.S.C. Sec. 111 and 26 U.S.C. Sec. 7212. Weeks contends that the district court erred in (1) giving an improper jury instruction on the definition of "forcibly", which did not exclude threats of force or require the threat of force to be immediate; (2) refusing to give jury instructions and admit evidence relevant to Weeks' theory that the seizure of his vehicle violated the fourth and fifth amendments and in denying his motion to suppress evidence seized from entry into his land and (3) refusing to give Weeks' proposed jury instructions on good faith and retreat. The judgment is affirmed.
 
 
 3
 The district court did not err in instructing the jury on the term "forcibly" because the charge, reviewed as a whole, fairly and adequately covered the issues presented. See United States v. Alcantar, 832 F.2d 1175, 1178 (9th Cir.1987). Contrary to Weeks' contention, the district court did not have to exclude threats of force from its instruction on 18 U.S.C. Sec. 111. The Ninth Circuit has not specifically held that section 111 includes threats of force from its definition of "forcibly" but has broadly construed section 111, and has implied that "forcibly" under section 111 would consist of threats of force as well as other acts. See United States v. Sommerstedt, 752 F.2d 1494, 1496 (9th Cir.1985), cert. denied, 474 U.S. 851 (1985).
 
 
 4
 Viewing the jury instructions as a whole, Weeks' contention that the instruction criminalized protected activity because it did not require imminence is also without merit. See United States v. Alcantar, 832 F.2d at 1178. Read as a whole, the district court's instructions adequately apprised the jury of the necessity of finding the use of force entailed the use of present or immediate physical activity and the likelihood of immediate violence. There was no danger that the jury might have based its verdict on an implied threat to use force at a future time and hence, the instruction did not serve to criminalize protected activity. See United States v. Fernandez, 837 F.2d 1031, 1035 (11th Cir.1988).
 
 
 5
 The district court did not err in refusing to instruct the jury and admit evidence relevant to Weeks' theory that the seizure of his vehicle violated the fourth and fifth amendments and in denying his motion to suppress the evidence. The alleged unlawfulness of a search and seizure provides no defense to a charge of assaulting federal officers. See United States v. Przybyla, 737 F.2d at 829.
 
 
 6
 The district court also properly excluded expert legal opinion as to whether the officers' conduct was unlawful. It was the district court's duty, not an expert's, to instruct the jury on the law. See United States v. Vreeken, 803 F.2d 1085, 1091 (10th Cir.1986).
 
 
 7
 Nor did the district court err in denying Weeks' motion to suppress the evidence obtained from the alleged illegal entry upon his land. The IRS agents' entry into Weeks' property and attempted seizure of his car was lawful. See G.M. Leasing, 429 U.S. at 351.
 
 
 8
 Finally, the district court did not err in refusing to give Weeks' proposed jury instructions on good faith and retreat. Because the district court gave an adequate instruction on specific intent, Weeks is not entitled to a separate good faith instruction. See United States v. Alcantar, 832 F.2d 1175, 1177 (9th Cir.1987). Moreover, because the crimes with which Weeks was charged had already occurred before Weeks' retreat, his subsequent act of retreat was legally insufficient to negate the intent that existed earlier at the time of the offense. See United States v. McKinney, 822 F.2d 946, 950 (10th Cir.1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3