UNITED STATES of America,
Plaintiff–Appellee,

v.

Francis E. WOLLENZIEN,
Defendant–Appellant.

No. 91–1951.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1991.

Decided Aug. 12, 1992.

Mark C. Meyer, Cedar Rapids, Iowa, argued, for defendant-appellant.

Janet L. Peterson, Cedar Rapids, Iowa, argued, for plaintiff-appellee.

Before GIBSON, Circuit Judge, MAGILL, Circuit Judge, and KAUFMAN,* Senior District Judge.

FRANK A. KAUFMAN, Senior District Judge.

Appellant, Francis Wollenzien, was convicted upon his guilty plea of assaulting, on August 11, 1990, Daniel Holmes, an Internal Revenue Service (IRS) agent during the latter's performance of his official duties, in violation of 18 U.S.C. § 111.[1] The Pre–Sentence Report was prepared and made available to the district court, to appellant

---

* The HONORABLE FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

1. 18 U.S.C. § 111 provides in relevant part that "[w]hoever—*forcibly assaults* ... any person ...

engaged in ... official duties" is guilty of an offense against the United States. (emphasis added).

and to counsel on both sides in advance of the rearraignment proceeding. After rearraignment, the sentencing hearing was immediately held, all pursuant to advance agreement of the prosecution and appellant and in accordance with Federal Criminal Rules 11 and 32. The district court conducted very thorough rearraignment and sentencing hearings, which included the taking of testimony of the probation officer, the assaulted IRS agent and appellant. Thereafter, the district court imposed a sentence of four months imprisonment, two months to be served in a confinement institution, the other two months in a community treatment center, followed by a supervised release term of one year. The court carefully explained the reasons for its sentence.

On appeal, appellant raises several issues concerning the application by the court below of the statute and of the sentencing guidelines.

## I.

The base offense level applicable in this case is six, pursuant to Section 2A2.4 of the United States Sentencing Commission's Guidelines Manual (U.S.S.G.). The Pre–Sentence Report recommended a three-level increase from six to nine under U.S.S.G. § 2A2.4(b)(1), because Wollenzien struck Holmes and subjected him to a considerable degree of violence. Wollenzien objected to that increase on several grounds. To begin with, he testified during the rearraignment-sentencing hearings that while he had grabbed Holmes's clothing and had treated Holmes somewhat roughly, he had not struck him in the manner described by Holmes. The court below found "the revenue agent's testimony to be far more credible than" that of defendant, that there had been "a cowardly attack upon the revenue officer, from behind," and that defendant "struck the agent in the back of the neck from behind, a severe blow."[2] Accordingly, the district court concluded that the base offense level should be adjusted upward from six to nine because of the de-gree of physical contact. That clearly was justified by the record and the findings of the district court.

## II.

Appellant contends—as he did at the time of sentencing—that he should have been granted a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Whether or not to grant such a reduction is very largely within the discretion of the sentencing judge. *United States v. Keene*, 915 F.2d 1164, 1170 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991); *United States v. Young*, 875 F.2d 1357, 1361 (8th Cir.1989). The denial of the reduction by the court below was certainly well within the latter's discretion, given the facts of this case. Wollenzien simply did not, under the district court's view of the evidence, own up to anything close to the degree of violence which he perpetrated. *See United States v. Contreras*, 927 F.2d 1058, 1059 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 349, 116 L.Ed.2d 288 (1991) (acceptance of responsibility reduction properly denied when defendant refused to admit the extensive degree of his involvement). Further, since, as the trial judge noted, he would have had the authority to impose, and would have imposed, the same sentence even if he had granted the reduction for acceptance of responsibility,[3] this Court need not review the issue. *See United States v. Riascos*, 944 F.2d 442, 445 (8th Cir.1991).

## III.

Wollenzien contended below and contends upon this appeal that because the conduct proscribed by 18 U.S.C. § 111 involves forcible assault, it is "double counting" to add three levels under U.S.S.G. § 2A2.4(b)(1) for "physical contact." But "physical contact" is not an element of a crime under 18 U.S.C. § 111. The Eleventh Circuit in *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir.), *cert. de-*

---

**2.** Rearraignment and Sentencing Transcript, at 115.

**3.** Rearraignment and Sentencing Transcript, at 130–31.

*nied,* ——— U.S. ———, 111 S.Ct. 2271, 114 L.Ed.2d 722 (1991), recognized that 18 U.S.C. § 111 "may be violated by minimal physical contact ... or even without the presence of any physical contact...." *Id.* (citations omitted). In so doing, that court catalogued a number of cases in which only minor contact or no contact at all had met the requirement for violation of the statute. *See, e.g., United States v. Fernandez,* 837 F.2d 1031, 1035 (11th Cir.), *cert. denied,* 488 U.S. 838, 109 S.Ct. 102, 102 L.Ed.2d 78 (1988) ("chasing and bumping into official"); *United States v. Walker,* 835 F.2d 983, 987 (2d Cir.1987) ("forcible assault may be 'established by proof of threats rather than by proof of actual touching' "); *United States v. Mathis,* 579 F.2d 415, 418 (7th Cir.1978) ("force or threat [of] force sufficient"); *United States v. Bamberger,* 452 F.2d 696, 699 (2d Cir.1971), *cert. denied,* 405 U.S. 1043, 92 S.Ct. 1326, 31 L.Ed.2d 585 (1972) ("incidental touching or no touching"). *Hernandez,* 921 F.2d at 1577. Accordingly, appellant's "double counting" position is without merit.

## IV.

The Pre-Sentence Report recommended a two-level upward adjustment from nine to eleven because of obstruction of justice, i.e., provision by Wollenzien of false information regarding his financial status during the presentence investigation. *See* U.S.S.G. § 3C1.1, Application Note 3(h). After receiving the testimony by Wollenzien and the probation officer and stating that "I don't believe the Defendant approached his obligation to furnish financial information to the probation officer with the zeal that the Court would have liked to have seen," the district court concluded: "I'm not convinced by a preponderance of the evidence that this obstruction of justice adjustment ought in fairness to be applied...."[4] Accordingly, the court below determined the adjusted offense level to be nine.

## V.

■ Since appellant has no criminal record and his Criminal History Category is I, the guideline range is four to ten months rather than eight to fourteen months which would have been the range if the adjusted offense level had been eleven. In that latter range, imprisonment was required. In the four to ten month range, probation with community confinement and without incarceration is an available sentencing tool. *See* U.S.S.G. § 5B1.1(a)(2). The Pre-Sentence Report did not, however, refer to probation as a possible option apparently because the probation officer was recommending adjustments (including upward adjustment for obstruction of justice) which would have brought the offense level to eleven and the guideline range to eight to fourteen months. At sentencing, while neither Wollenzien nor his counsel specifically sought probation, each of them did ask for no incarceration. The trial court, therefore, may well have considered and rejected the possibility of using probation. While the trial court is required to consider "the kinds of sentences available," 18 U.S.C. § 3553(a)(3), and to state its reasons for selecting the applicable range, the trial court fully satisfied that statutory command in imposing sentence below and did not need explicitly to reject the use of probation. *See United States v. Georgiadis,* 933 F.2d 1219, 1223 (3rd Cir.1991). Nevertheless, because, in this case, the bent of the recommendations in the Pre-Sentence Report clearly excluded the probation option, we remand this case to the district court for specific consideration of the probation route, and for rejection or acceptance of it. In so doing, we in no way suggest, one way or the other, whether the district court should or should not use that option. That choice is entirely up to the district judge, particularly in the light of the facts in this case.

AFFIRMED IN PART; REMANDED IN PART.

4. Rearraignment and Sentencing Transcript, at    73–74.