UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory Joseph WELNA, Defendant–
Appellant.

No. 93–1144.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1993.

Decided July 12, 1993.

Bruce H. Hanley and Lisa D. Dejoras, Minneapolis, MN, argued, for defendant-appellant.

Nathan P. Petterson, Asst. U.S. Atty., Minneapolis, MN, argued, for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

Gregory Joseph Welna appeals the seventy-month sentence imposed on him by the district court [1] following his guilty plea to manufacturing marijuana plants in violation of 21 U.S.C. § 841(a)(1) (1988). He argues that the district court erred in denying his request for an acceptance-of-responsibility reduction under United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov. 1992). We affirm.

The government charged Welna with manufacturing 285 marijuana plants on his property. At his plea hearing on June 19, 1992, Welna admitted that he planted seeds to grow marijuana, but stated that he usually ended up with only six or eight plants because gophers destroyed some of the plants and he threw others away. He also stated that he only grew the marijuana for personal use.

The plea agreement stipulated that the court would determine the number of plants manufactured and whether Welna had accepted responsibility for his conduct. A probation officer completed a presentence report on August 12, 1992, relying on the November

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

1991 sentencing guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* (Nov. 1991). The probation officer set Welna's base offense level at twenty-six because he had manufactured 285 marijuana plants. *See* U.S.S.G. § 2D1.1(c)(9) (Nov. 1991). The probation officer also recommended a two-level acceptance-of-responsibility reduction because Welna admitted and regretted growing marijuana for personal use. *See* U.S.S.G. § 3E1.1 (Nov. 1991).

The court held an evidentiary hearing on October 1, 1992. A special agent with the Drug Enforcement Administration, John Cotner, testified that he had helped execute a search warrant on Welna's property. He testified that Welna's shed contained 285 marijuana plants growing in numerous pots, several large lightbulbs, two transformers, a fan, and several bags of soil and fertilizer. In Welna's garage, the officers found two electronic scales, $3,120, four ziplock bags containing marijuana, two boxes of ziplock bags, and fifteen plastic grocery bags. Cotner also testified that the day before the execution of the warrant, the officers had gone through Welna's garbage and found forty packages containing marijuana residue. He testified that these packages were large enough to hold two to four pounds of marijuana. Dr. James Woodford, a chemist, testified for the defense that Welna's "grow operation" was not a sophisticated one, and that probably only twenty-five to thirty of the 285 plants were usable.

On December 17, 1992, the day before sentencing, Welna requested that the court apply the November 1992 sentencing guidelines and grant a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(b) (Nov. 1992). The government objected to both the probation officer's recommendation for a two-level reduction and Welna's request for a three-level reduction.

The district court sentenced Welna on December 18, 1992. The court determined that it was required to consider all the plants Welna had planted regardless of their potential or level of maturity at the time of discovery. Thus, the court found that, for purposes of sentencing, Welna had manufactured 100 or more marijuana plants. The court also found that because Welna had not been truthful in stating that the plants were grown only for personal use, he had not accepted responsibility. Accordingly, the court denied Welna's request for a three-level reduction. With a total offense level of twenty-six and a criminal history category of I, the guidelines mandated a range of sixty-three to seventy-eight months. The court sentenced Welna to seventy months imprisonment and four years supervised release.

Welna argues that when the November 1992 guidelines went into effect,[2] the standard for determining whether a defendant has accepted responsibility changed and no longer required "far-reaching affirmative acceptance for all conduct." Welna asserts that the district court erred in finding that Welna intended to distribute the marijuana and in denying the reduction because Welna failed to accept responsibility for distribution, which was neither conduct comprising the offense of conviction nor relevant conduct under U.S.S.G. § 1B1.3 (Nov. 1992). *See* U.S.S.G. § 3E1.1, comment. (n. 1(a)) (Nov. 1992).

Determining whether a defendant has accepted responsibility is a factual question which depends largely on the district court's credibility assessments. *United States v. Earles,* 955 F.2d 1175, 1180 (8th Cir.1992). The district court's decision is entitled to great deference, and we will not reverse absent clear error. *United States v. Villegas,* 987 F.2d 1362, 1365 (8th Cir.1993).

Welna pled guilty to manufacturing marijuana plants. He admitted that he planted seeds to grow marijuana, but stated that he produced the plants for personal use and usually ended up with only six to eight plants. The scales, packaging materials, cash, and marijuana discovered during the search of Welna's property, however, support the district court's determination that Welna intended to distribute the marijuana. Thus, the district court's finding that Welna's statements were incredible is not clearly erroneous.

---

**2.** The district court must use the Guidelines Manual that is in effect on the date the defendant is sentenced, unless such application would violate the *ex post facto* clause of the United States Constitution. U.S.S.G. § 1B1.11 (Nov. 1992).

■ Welna concedes that, in order to receive a reduction for acceptance of responsibility, a defendant should not falsely deny any relevant conduct for which he is accountable under section 1B1.3. *See* § 3E1.1, comment. (n. 1(a)) (Nov. 1992). He argues, however, that because he was not held accountable in this case for distributing marijuana, it was not section 1B1.3 relevant conduct which he must truthfully admit in order to receive the reduction. This argument is without merit. Making false statements at a plea hearing in regard to any action, relevant criminal conduct or otherwise, is conduct that is inconsistent with acceptance of responsibility. *See* § 3E1.1, comment. (n. 3) (Nov. 1992) (recognizing that truthful admissions regarding the offense and additional relevant conduct may be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility"); *United States v. Eberspacher,* 936 F.2d 387, 389 (8th Cir. 1991) (affirming the district court's denial of a section 3E1.1 reduction when the defendant pled guilty but refused to name his drug source, bordered on perjuring himself at the plea hearing, and tested positive for cocaine use while awaiting sentencing). In addition, Welna's contention that he should be held responsible for the manufacture of no more than twenty-five to thirty marijuana plants supports the court's denial of the acceptance-of-responsibility reduction. *See United States v. Stockton,* 968 F.2d 715, 721 (8th Cir.1992) (affirming the denial of an acceptance-of-responsibility reduction in part because the defendant admitted to manufacturing only a limited portion of the methamphetamine produced); *United States v. Wollenzien,* 972 F.2d 890, 891 (8th Cir.1992) (denying an acceptance-of-responsibility reduction when the defendant pled guilty to assault, but did not "own up to anything close to the degree of violence which he perpetrated"). The district court therefore did not err in denying Welna's request for an acceptance-of-responsibility reduction.

Accordingly, we affirm.