PROPST, District Judge,
dissenting:
The appellant was indicted for and convicted of “forcible assault.” I see no evidence that he committed an assault nor that he used force. There was no evidence of any act by the defendant except for the pulling back of a curtain. I respectfully dissent.
When a statute does not define “assault,” this court gives the term its meaning at common law. United States v. Williams, 197 F.3d 1091, 1095 (11th Cir.1999); United States v. Guilbert, 692 F.2d 1340, 1343 (11th Cir.1982). According to Guilbert, “[a]t common law, ‘assault’ had two meanings, one being a criminal assault, which is an attempt to commit a battery [not present in this Fallen case], and the other being tortious assault, which is an act that puts another in reasonable apprehension of immediate bodily harm.” Id. (emphasis added). In United States v. Estrada-Fernandez, 150 F.3d 491, 495 (5th Cir.1998), the Fifth Circuit referred to an assault which “can be based upon an act that merely places the victim in reasonable apprehension of imminent bodily harm.” (quoting Guilbert, 692 F.2d at 1345, (noting difference between 18 U.S.C. § 113(d) and § 113(c))) (emphasis added). In Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), the Supreme Court repeatedly referred to acts of assault and actors. The Ladner Court, referring to the policy of lenity, stated that “[w]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite. We should not derive criminal outlawry from some ambiguous implication.” Id. at 177-78, 79 S.Ct. 209 (quoting United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221-22, 73 S.Ct. 227, 97 L.Ed. 260 (1952)). Title 18 U.S.C. § 111(a) refers to “acts in violation of this section”. The Model Penal Code contains even more restrictive definitions of assaults. See § 211-0 et seq. Section 1.13(2) of the Model Penal Code defines “act” as a “bodily movement whether voluntary or involuntary.” Black’s Law Dictionary defines an “act” as something “done ” or “performed.” Black’s Law Dictionary 24 (5th ed.1979) (emphasis added).
I have not found any cases in which mere words have been held to constitute an assault. There are few cases that discuss this specific issue, apparently because it has not been often raised. In Dunkleberger v. Commonwealth of Pa. Board of Probation & Parole, the Supreme Court of Pennsylvania held that words alone, no matter how threatening, cannot constitute “assault,” because the “actor must be in a position to carry out the threat immediately and must take some affirmative step to do so.” 132 Pa.Cmwlth. 600, 573 A.2d 1173, 1174 (1990) (emphasis added).
The Government primarily relies upon United States v. Hernandez, 921 F.2d 1569 (11th Cir.1991); United States v. Wollenzien, 972 F.2d 890 (8th Cir.1992); United States v. Street, 66 F.3d 969 (8th Cir.1995); United States v. Walker, 835 F.2d 983 (2d Cir.1987); United States v. Fernandez, 837 F.2d 1031 (11th Cir.1988); and United *1093 States v. Renfro, 620 F.2d 497 (5th Cir.1980). Each is distinguishable, at the very-least, on the following bases:
1. Hernandez
Spoke heatedly at close range, poked the agent in a threatening manner. “He got right up against me, nose to nose ...” and threatened the victim. 921 F.2d at 1576.
2. Wollenzien
The agent was struck in the back of the neck from behind with a severe blow. 972 F.2d at 981.
3. Street
“Street got out of his car and approached the rangers, swinging his fists and shouting obscenities. Street stood face to face with Coe for about fifteen minutes trapping him between the open door and the inside of the truck threatening him ...” 66 F.3d at 975-976.
4. Walker
The defendant walked into an office; used abusive language; stood over the victim; threatened him; gestured with his thumb and index finger; removed his jacket; walked within inches of victim while following him from office; and had to be “separated.” 835 F.2d at 987-988.
5. Fernandez
Defendant followed the victim, ran after him, and chased him. 837 F.2d at 1032-1033. He then “bumped into him.” Id. The defendant’s chest touched the victim’s arm after a threat. Id. The victim stated that the defendant had pushed him. Id.
6. Renfro
“When they got to their office door, the employees saw Agent Tichenor lying on the floor with defendant Renfro on top of him.” 620 F.2d at 499. One witness said Renfro was choking him. Id.
The majority cites United States v. Chestaro, 197 F.3d 600 (2d Cir.1999). In Chestaro, the defendant removed a box-cutter “from his pocket, [and] he began to swing it at the officers ... Each officer received a minor injury as a result of the altercation.” Id. at 603. Perhaps the closest case cited by the majority in support of the majority conclusion is United States v. Chambers, 195 F.3d 274 (6th Cir.1999). There, however, in full view of the officers, the defendant, who had been told by FBI agents, “FBI, FBI, get down, get down,” instead “attempted to place his hand in his right front coat pocket .... and, in response [the agents] tackled Chambers and found a loaded 380 caliber Bersa semiautomatic pistol in his right front coat pocket.” Id. at 276. While I do not maintain that there must be proof of physical contact or a view of the weapon, I do maintain that there must be an act which evinces an assault and force, and not mere words. There is no question that the officers here could have reasonably concluded that Fallen had a weapon. That, however, is not the sole issue. The primary issue is whether he committed a forcible assault. There is no evidence that he did so unless moving a curtain constitutes a forcible assault. There is a vast difference between what happened here and what happened in Chambers, where the defendant had been placed under arrest and told to “get down” but then reached for his pocket where he actually had a firearm. Id.
In United States v. Crouthers, 669 F.2d 635, cited by the majority, the victim was actually kidnapped and forced to open bank safes. The defendant participated in the planned robbery. Again, I do not say that the alleged victims here had to see a firearm. I only maintain that there had to be evidence of forcible assault, not simply an oral threat or intimidation.
*1094 In United States v. Le Compte, another case upon which the majority relies, the defendant “physically attacked Welch with his fists and feet and knocked her down into a ditch where he continued to kick her and threaten her.” 108 F.3d 948 (8th Cir.1997). The court held that the victim could reasonably assume that the defendant might also hit her with a rock which he held while standing over her. Id. at 952.
In United States v.Mathis, 579 F.2d 415, 418 (7th Cir.1978), also cited by the majority, the defendant pulled out an automatic pistol, took the victim’s ignition key and ordered him to give money or he would be killed. Interestingly, the defendant was found guilty of assaulting or interfering with a federal agent without the use of a deadly or dangerous weapon. Id. at 417.
There may be some scattered “kudzu” language[1] in the cases which supports the majority position, but, again, I find no case in which it has been found that mere words stated on the other side of a door with no significant act or deed can constitute an assault of any kind. The defendant could have, perhaps, been found guilty of intimidation, but he was not. The case was submitted only on “forcible assault” and the lesser included offense of simple assault.[2] In Fernandez, the Eleventh Circuit stated, “The appellant correctly states that ‘the concept of the use of force contemplates and requires more than a person merely verbalizing or implying threats involving the future use of force.’ .... The word ‘forcibly means only that some amount of force must be used ’ ” (emphasis added) (citations omitted). Id. at 1035. Other than possibly in dicta, no Eleventh Circuit case has stated to the contrary.
Assault is sometimes defined as “attempted battery.” “Menacing” is sometimes referred to as an attempted assault. Even “menacing” likely requires some act. I am well aware that an “assault” does not require injury or even touching. However, I do believe that it requires more than words, and that a curtain “twitch” is not sufficient.
Will any person who goes to an unopened door and says to a federal officer, “I have a gun.... Get off my porch or I will shoot you,” be guilty of forcible assault?[3] An assault is an assault. The fact that the victim is a federal officer only makes it a federal crime. It does not change the nature of an assault. The majority has not cited any case in which an act by the defendant as innocuous as moving a curtain, or some similar act, coupled with mere words, was held to be a forcible assault.
While I will not address the other issues raised by the appellant, I will note that the marginal admission of evidence may well have worked to the appellant’s substantial prejudice in, at the very best, a marginal case of forcible assault. The jury found *1095 Fallen guilty of forcible assault rather than the lesser included offense of simple assault, which was also submitted to them. The evidence here does not appear to even reach the level of the majority’s own definition of misdemeanor “simple assault,” which is remarkably similar to the majority’s definition of forcible assault, much less to the level of a felony.

. "Kudzu language” is language that persistently spreads into areas not applicable nor contemplated when initially written.

. It should be noted that the appellant was not convicted of a misdemeanor simple assault pursuant to 18 U.S.C. § 111(a)(2), but of a felony pursuant to the same section. The indictment did not charge "intimidation” even in the alternative. It charged that the defendant "knowingly and willfully did forcibly assault....” The jury was instructed that "the defendant can be found guilty of the offense ... only if all of the following facts are proven ... First, that the defendant forcibly assaulted the person....”

. The majority has not discussed what right the officers had to be on the appellant's porch and I have not considered it. The defendant threatened to shoot the officers only if they did not leave his property. There is no evidence that he caused any problem after they did so. While I do not condone such a threat, it is not tantamount to an assault.