# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2189

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Melford Ashley, Sr., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 14, 2000

Filed: July 11, 2001

_____

Before MORRIS SHEPPARD ARNOLD and JOHN R. GIBSON, Circuit Judges,
and GOLDBERG,[1] Judge.

_____

JOHN R. GIBSON, Circuit Judge.

Melford Ashley, Sr. appeals from his conviction of assault resulting in serious bodily injury, 18 U.S.C. § 113(a)(6) (1994). Ashley is an Indian, as was his victim, and the crime was committed in Indian country. Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153 (1994), and Ashley entered a conditional guilty plea reserving his right to contest jurisdiction. Ashley argues that our earlier decisions in

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

United States v. Osborne, 164 F.3d 434 (8th Cir. 1999), and United States v. Allard, 164 F.3d 1146 (8th Cir. 1999), require the conclusion that the conduct charged was not an enumerated crime under the Major Crimes Act, and therefore the district court[2] was without jurisdiction. We affirm the conviction.

When Ashley moved the district court to dismiss for lack of jurisdiction, he filed a stipulation of facts for the court to use in determining his motion. Ashley stipulated that he was an Indian, and that on May 24, 1999 he was returning home in Wanblee, in Indian country, driving a van owned by his daughter. He admitted the van's brakes were not fully operational because the wrong cover seal was being used and brake fluid was leaking. Ashley knew that the brakes were not fully operational, and he had in the past resorted to using the emergency brake to stop the van. Ashley admitted he had been drinking and had a blood alcohol level of .23, which impairs a person's ability to drive. An Indian child riding a bicycle approached off a side street, and as she entered the intersection, Ashley ran over her with the van. She and the bicycle were trapped between the rear wheels of the van and dragged for 48.7 feet. The child sustained injuries that required extensive reconstructive surgery.

Ashley further stipulated that the South Dakota Highway Patrol estimated that he was traveling at a speed of 15.75 miles per hour before the collision in an area with a speed limit of 10 miles per hour. While contending that past convictions were not admissible, Ashley stipulated that the United States would offer at trial that he was previously convicted of driving while under the influence of alcohol on September 10, 1991. He also stipulated that he had four arrests in tribal court for driving while intoxicated, none of which resulted in a conviction.

---

[2]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Ashley, in his motion to dismiss the indictment for lack of jurisdiction, argued that convictions under the state law crime of vehicular battery in the drunken-driving cases of Osborne and Allard establish that the federal crime of assault resulting in serious bodily injury is inapplicable to the conduct in his case.

The district court denied his motion, reasoning that Osborne and Allard were both non-Indians who had committed offenses against Indians on an Indian reservation, and jurisdiction as to both was under the General Crimes Act, 18 U.S.C. § 1152 (1994), whereas Ashley was an Indian charged under the Major Crimes Act, 18 U.S.C. § 1153. The court pointed out, "In addition, the issue of whether the prosecutor rightly charged the defendants with a violation of state law (vehicular battery) rather than federal law (assault resulting in serious bodily injury) was never presented nor considered by the Eighth Circuit in Osborne or Allard." After rejecting the argument based on Osborne and Allard, the district court stated that the sole question was whether Ashley's alleged conduct fell within one of the enumerated offenses of the Major Crimes Act. The court knew of no reason why his conduct would not fit squarely within the purview of assault resulting in serious bodily injury. The court concluded: "Ashley's wilful conduct in this case consists of his voluntary decision to knowingly drive a vehicle with faulty brakes over the posted speed limit while in a state of intoxication. The resulting accident and injuries to the victim flowed naturally from this decision."

The court sentenced Ashley to thirty-three months imprisonment.

I.

Ashley first argues that the Major Crimes Act, 18 U.S.C. § 1153, does not support jurisdiction over his case and that this follows from our decisions in United States v. Osborne, 164 F.3d 434 (8th Cir. 1999), and United States v. Allard, 164 F.3d 1146 (8th Cir. 1999). In both Osborne and Allard, defendants who had injured others

while driving drunk in Indian country were charged in federal court with the South Dakota offense of vehicular battery and pleaded guilty. Osborne, 164 F.3d at 435-36; Allard, 164 F.3d at 1147. On appeal to this court, they only argued that the district court had misapplied the federal sentencing guidelines to their cases, and in each case we upheld the district court's application of an analogous guideline. Osborne, 164 F.3d at 440; Allard, 164 F.3d at 1150. Ashley argues that Osborne and Allard could only have been prosecuted under the state law if there was no federal statute prohibiting their conduct,[3] and since they were indeed prosecuted under the state law it therefore follows that no federal statute, including 18 U.S.C. § 113(a)(6), "assault resulting in serious bodily injury," prohibited their conduct. Ashley argues that the charged conduct in his case is not encompassed by section 113(6), and because of this there existed no enumerated crime under the Major Crimes Act to confer federal jurisdiction.

---

[3]To understand Ashley's rather arcane argument, it is helpful to have in mind a simplified overview of the scheme for criminal jurisdiction on Indian reservations. See generally Conference of Western Attorneys General, American Indian Law Deskbook, Chapter 4, Section I (2d ed. 1998). The Major Crimes Act, 18 U.S.C. § 1153, creates federal jurisdiction for cases in which an Indian commits one of a list of enumerated crimes against another Indian in Indian country, including assault resulting in serious bodily injury. The General Crimes Act, on the other hand, grants federal jurisdiction over crimes by non-Indians against Indians in Indian country, but excludes crimes by one Indian against another. 18 U.S.C. § 1152. Under the General Crimes Act, the rule of decision is supplied by general laws of the United States, including the Assimilative Crimes Act, 18 U.S.C. § 13 (Supp. IV 1998). The Assimilative Crimes Act provides that anyone who commits an act on a federal enclave which is not punishable under an Act of Congress, but which is punishable under the law of the state where the enclave is located, shall be guilty of a federal crime based on the state law. Section 13(a). So, the rule of decision is only supplied by state law under the Assimilative Crimes Act if no federal statute is applicable. Osborne and Allard were cases in which non-Indians were prosecuted under the General Crimes Act, incorporating the Assimilative Crimes Act, which in turn incorporates the South Dakota vehicular battery statute, for having injured Indians while driving drunk in Indian country. Because Ashley is an Indian, he was prosecuted under the Major Crimes Act, not the General Crimes Act.

He argues that the court's opinions in <u>Osborne</u> and <u>Allard</u> establish this in two ways: (1) by searching for an analogous specific offense guideline under U.S.S.G. § 2X5.1 in the face of U.S.S.G. § 2A2.2, which includes 18 U.S.C. § 113(a)(6) as an applicable statutory provision, and (2) by resorting to the Assimilative Crimes Act, 18 U.S.C. § 13 (Supp. IV 1998), which establishes that no enactment of Congress, including section 113(a)(6), encompasses Ashley's conduct. In essence, Ashley's argument is that our decisions in <u>Osborne</u> and <u>Allard</u> are a preemptive bar to his prosecution.

Ashley's argument is a house of cards built on a false premise–that we held in <u>Osborne</u> and <u>Allard</u> that those cases were properly prosecuted under the South Dakota law of vehicular battery, rather than under a federal statute. In <u>Osborne</u> and <u>Allard</u>, the defendants were charged with vehicular battery, an offense under South Dakota law made applicable under the Assimilative Crimes Act. Neither defendant challenged the jurisdiction of the court or the propriety of the charge. The issue before this court in both cases was whether under the Sentencing Guidelines the district court had chosen the guideline most analogous to vehicular battery. We did not decide in <u>Osborne</u> or <u>Allard</u> whether those defendants could have or should have been prosecuted under the federal statute instead of the South Dakota one, and so Ashley's elaborate argument fails at the first step. <u>See</u> <u>R.A.V. v. City of St. Paul</u>, 505 U.S. 377, 387 n.5 (1992) ("It is of course contrary to all traditions of our jurisprudence to consider the law on [a] point conclusively resolved by broad language in cases where the issue was not presented or even envisioned.").

Ashley places the tag "vehicular battery" on both his conduct and that of Osborne and Allard. This ignores the fact that Osborne's and Allard's conduct and the charges against them were based upon the South Dakota vehicular battery statute for negligent driving while intoxicated. The district court in denying Ashley's motion to dismiss the indictment, pointed to his "willful conduct in . . . his voluntary decision to knowingly drive a vehicle with faulty brakes over the posted speed limit while in a state of intoxication." This distinction between the conduct involved in <u>Osborne</u> and <u>Allard</u>

and Ashley's conduct is an additional reason these cases do not have the preemptive effect Ashley asserts.

## II.

The only real issue before us is whether or not the conduct to which Ashley admitted constitutes "assault resulting in serious bodily injury" within the meaning of the jurisdictional section of the Major Crimes Act. Ashley says generally that it does not. Apparently, the only question is whether the stipulated facts support the necessary mens rea to constitute assault resulting in serious bodily injury. We conclude that they do.

We had occasion to consider the elements of assault in United States v. Osborne, 164 F.3d 434 (8th Cir. 1999), even though Osborne pleaded guilty under the South Dakota vehicular battery statute rather than the federal assault statute. Because there was no federal sentencing guideline expressly promulgated for the state law offense, the district court chose the sentencing guideline for aggravated assault as the guideline most analogous to Osborne's actual conduct. 164 F.3d at 436. We affirmed the district court's determination that the facts of Osborne's case justified sentencing him under the assault guideline. We observed that this court has repeatedly stated that assault resulting in serious bodily injury requires only a general intent to commit the acts of assault and not a specific intent to do bodily harm.[4] Id. at 439. Osborne drove a

---

[4]We further observed in Osborne that physical contact may be minimal and need not be present at all in assault. 164 F.3d at 439. From our earlier decision of United States v. Wollenzien, 972 F.2d 890 (8th Cir. 1992), we reasoned that "attempts to commit battery, and the act of putting another person in reasonable apprehension of bodily harm both fall within the meaning of assault." 164 F.3d at 439. We also cited United States v. Dupree, 544 F.2d 1050, 1052 (9th Cir. 1976),which stated that a person could be charged with assault under 18 U.S.C. § 113 even though the facts

vehicle towing a trailer full of loose cinder blocks at more than 65 miles per hour after drinking large amounts of alcohol, ignoring warnings that he was not able to drive safely. Id. at 439-40. We compared Osborne's facts to the case of United States v. Loera, 923 F.2d 725, 727 (9th Cir. 1991), in which a drunken driver, in a truck with bad brakes, crossed over the center line and hit a car coming toward him, killing one passenger and seriously injuring another. In Loera, the Ninth Circuit affirmed the driver's conviction for assault resulting in serious bodily injury, reasoning that the defendant's reckless disregard for the safety of others satisfied the willfulness requirement of the crime. 923 F.2d at 728. In Osborne, we concluded:

> The willful conduct in [Loera] was the operation of a motor vehicle while in a state of voluntary intoxication. Osborne's conduct was similar to the conduct of the defendant in Loera. Osborne chose to drive a motor vehicle in a highly intoxicated state. His inability to safely operate the vehicle and the consequential accident and injuries followed naturally from his decision. Thus, Osborne had the general intent comparable to that required for assault resulting in a serious bodily injury under federal law, and he caused such bodily injury.

164 F.3d at 440 (citation omitted). The facts of Ashley's case make a stronger showing of recklessness than Osborne's since Ashley not only chose to drive drunk, but he also knew the van's brakes didn't work properly. In Osborne, in ruling that the aggravated assault guideline was most analogous to vehicular battery, we looked to common law antecedents of the assault statute to conclude that the general intent element was satisfied by Osborne's intent to drive while under the influence of alcohol. Here, Ashley's voluntary act was driving under the influence of alcohol in a vehicle with bad brakes, knowing that they were bad. Ashley's case is governed by our reasoning in Osborne.

---

indicated that he had actually committed a battery. Accord United States v. Guilbert, 692 F.2d 1340, 1343 (11th Cir. 1982).

The Major Crimes Act provided jurisdiction over this crime, and we affirm the conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.