[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10925
Non-Argument Calendar

_____

D. C. Docket No. 04-20597-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANTAYA B. FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 3, 2005)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Shantaya B. Foster appeals her convictions for knowingly and intentionally importing 100 grams or more of heroin into the United States, 21 U.S.C. § 952(a), and knowingly and intentionally possessing 100 grams or more of heroin with intent to distribute, 21 U.S.C. § 841(a)(1). Foster raises three arguments on appeal: (1) the district court erroneously excluded evidence supporting an affirmative defense of duress, (2) the district court abused its discretion in its response to a question from the jury, and (3) the evidence was insufficient to support her convictions. We conclude that, because there was insufficient evidence of duress, the district court did not err in either excluding Foster's proffered evidence or in responding to the question of the jury. We also conclude that there was sufficient evidence to support Foster's conviction. Although we affirm Foster's conviction, we remand to the district court for the limited purpose of correcting a clerical error in the judgment.

## I. BACKGROUND

On August 2, 2004, Foster and Sherri Monique Noble returned from a trip to Jamaica and passed through customs at Miami International Airport. Customs agents selected Foster and Noble for investigation, separated them, and began to question them. Foster first denied possession of any drugs but after further questioning admitted that she had taped to her body and swallowed pellets of

heroin. Noble confessed to importing heroin in the same manner. The customs agents seized 207 grams of heroin from Foster and 255.8 grams from Noble.

Foster and Noble were indicted on four charges: (1) conspiracy to import 100 grams or more of heroin into the United States, (2) knowingly or intentionally importing 100 grams or more of heroin into the United States, (3) conspiracy to possess 100 grams or more of heroin with the intent to distribute it, and (4) knowingly or intentionally possessing 100 grams or more of heroin with the intent to distribute it. Noble pleaded guilty to the second count of the indictment, and the other charges were dropped. Foster proceeded to trial on all four charges.

Foster proffered evidence in support of a defense of duress. Foster proposed to testify that Noble had invited her to vacation in Jamaica and that she had no idea that the purpose of the trip was to smuggle heroin. She averred that on the morning of their departure, two Jamaican men entered their hotel room, and one encouraged Foster to "swallow [heroin] pellets until she gagged" and then to "tape[] the pellets to her body." Foster argued that these circumstances led her to believe she would not be able to return home unless she transported the drugs and that the situation caused her to fear for her life. The government moved in limine to exclude evidence of duress because the proffered evidence did not satisfy the elements of the affirmative defense. The district court granted the motion on the

3

ground that the danger to Foster was not immediate and Foster had a reasonable opportunity to avoid committing the illegal act.

During its deliberations, the jury submitted a note that contained two questions to the district court: "Was the defendant, Shantaya B. Foster, in fear for her life when she made the decision to swallow and tape the drugs to her body? Was she able to give us this information?" After hearing arguments from Foster and the government, the district court responded with the following statement:

> Members of the jury,
> The issues raised in your questions are not relevant to your determination of this case.
> You have received all the evidence that you are to consider and apply in deciding this case.
> You should rely upon your individual and collective recollections of the evidence and follow the Court's instructions on the law.

The jury convicted Foster on counts two and four of the indictment and acquitted her on counts one and three. Foster moved for a judgment of acquittal notwithstanding the verdict and, alternatively, a new trial. The district court denied both motions. Foster was sentenced to 63 months of imprisonment for each count of the conviction to run concurrently.

## II. STANDARD OF REVIEW

We review <u>de novo</u> the decision of a district court to preclude the defendant from asserting a defense of duress. <u>See</u> <u>United States v. Bailey</u>, 444 U.S. 394, 412-13, 100 S. Ct. 624, 635-36 (1980). To determine whether the evidence is sufficient

4

to support the affirmative defense, we view the evidence in the light most favorable to the defendant. United States v. Ruiz, 59 F.3d 1151, 1154 (11th Cir. 1995). We review the response of the district court to a jury question for abuse of discretion. United States v. Delgado, 56 F.3d 1357 (11th Cir. 1995). We review de novo the denial of a motion for post-verdict judgment of acquittal based on insufficiency of the evidence and view the evidence in the light most favorable to the government to determine whether "a reasonably-minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." United States v. Braithwaite, 709 F.2d 1450, 1457 (11th Cir. 1983); see also United States v. Abbell, 271 F.3d 1286, 1291 n.2 (11th Cir. 2001).

## III. DISCUSSION

Foster raises three arguments on appeal. First, she argues that the district court erroneously precluded the affirmative defense of duress. Second, Foster contends that the district court abused its discretion in its response to the jury's question. Third, she argues that the evidence was insufficient to support her convictions. We address each argument in turn.

### A. Duress Defense

Foster argues that the district court erroneously precluded her from asserting the affirmative defense of duress. We disagree. A defendant is entitled to have the

5

district court instruct the jury on a defense theory "only if that theory has an evidentiary foundation and the requested instruction presents a cognizable legal defense." United States v. Fernandez, 837 F.2d 1031, 1035 (11th Cir. 1988). Because duress is an affirmative defense, the defendant bears the initial burden to offer evidence of each of the elements of the defense. See United States v. Bailey, 444 U.S. 394, 412-13, 100 S. Ct. 624, 635-36 (1980). Foster failed to satisfy her burden.

To establish a defense of duress, "a defendant must show that he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or inform the police." United States v. Wattleton, 296 F.3d 1184, 1196 n.20 (11th Cir. 2002). The immediacy requirement is "a rigorous one[,] and it is clear that fear of future bodily harm . . . will not suffice." United States v. Sixty Acres, 930 F.2d 857, 861-62 (11th Cir. 1991). Further, "the apprehension of immediate danger must continue the whole time the crime is committed." Id.

Viewing the evidence in the light most favorable to Foster, we conclude that Foster failed to satisfy her burden of production, and as a result of that failure, she was not entitled to present evidence in support of a defense of duress. The crimes of importation of heroin and possession of heroin with intent to sell are "continuous crimes," see United States v. Martinez, 763 F.2d 1297, 1303 (11th Cir.

6

1985), and Foster failed to show that the "apprehension of immediate danger" was present at all times from the moment she took possession of the drugs to the moment she was arrested. Foster failed to take advantage of several opportunities to notify the authorities of the drugs, and she even denied that she carried any drugs when she was first questioned by the customs agents. The district court did not err in concluding that Foster was not entitled to present the affirmative defense of duress.

## B. Response to Jury Question

Foster next argues that the district court abused its discretion in its response to the jury's question. She argues that the district court "invaded the province of the jury" when it stated that whether Foster was "in fear for her life when she made the decision to swallow and tape the drugs to her body" was "not relevant." Foster contends this response told the jury that her testimony "was not credible." We disagree.

The response of the district court to the jury was a correct statement of the law. Because Foster failed to satisfy the elements of the affirmative defense of duress, she was not entitled to a jury instruction on that defense. See United States v. Bailey, 444 U.S. 394, 412-13, 100 S. Ct. 624, 635-36 (1980); United States v. Quinn, 123 F.3d 1415, 1423 (11th Cir. 1997). The district court correctly informed the jury of the elements of each of the crimes with which Foster was charged and

7

reminded the jury to "follow the Court's instructions on the law." We conclude that the district court did not abuse its discretion in its response to the question from the jury.

### C. Motion for Acquittal or New Trial

Foster argues last that the district court erroneously denied her motion for acquittal notwithstanding the verdict or, alternatively, a new trial. Foster contends that the evidence was insufficient to support a guilty verdict for either conviction. We disagree.

To prove importation of heroin, the government must establish that the defendant knowingly or intentionally imported a controlled substance into the United States. 21 U.S.C. § 952(a); United States v. Rodriguez, 588 F.2d 1003, 1010 (5th Cir. 1979). Foster was arrested with 35 pellets of heroin taped to her body and 5 pellets of heroin in her digestive tract. She admitted during her testimony that she knew the pellets were filled with drugs. A reasonable jury could have concluded that Foster knowingly imported a controlled substance into the United States.

To prove possession of heroin with intent to distribute, the government must establish that the defendant "knowingly possessed" and "intended to distribute" heroin. 21 U.S.C. § 841(a)(1); United States v. Lopez-Ramirez, 68 F.3d 438, 440 (11th Cir. 1995). The government met its burden as to knowing possession for the

same reasons it sufficiently proved knowing importation of a controlled substance. As for the remaining element, the jury could have reasonably inferred her intent to distribute the heroin from the large quantity of heroin found on Foster. <u>See, e.g.</u>, <u>United States v. Thomas</u>, 676 F.2d 531, 538 (11th Cir. 1982).

## IV.  CONCLUSION

Because the district court did not err in precluding Foster from asserting the affirmative defense of duress and did not abuse its discretion in responding to the jury question, and because the evidence was sufficient to support Foster's convictions, we affirm the convictions.

We notice that there is a clerical error in the judgment.  The judgment states that Foster was convicted on count two of the indictment for "importation of at least 100 grams of heroin" in violation of "21 U.S.C. [section] 963."  The crime of "importation of at least 100 grams of heroin" actually is codified at 21 U.S.C. section 952(a).  The correct section was stated in the indictment.  We remand to the district court with directions to correct the clerical error contained in Foster's judgment.

**AFFIRMED** in part, **REMANDED** in part.

9