**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW YAZZIE,

    Defendant - Appellant.

No. 16-2244
(D.C. No. 1:15-CR-03251-MCA-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.
_____

In this direct criminal appeal, Defendant-Appellant Matthew Yazzie contends

that his seventy-eight-month within-guideline sentence for assault resulting in serious

bodily injury is substantively unreasonable because the sentencing guideline used to

calculate his advisory sentencing range, U.S.S.G. § 2A2.2, produces disproportionate

sentences. Having jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we

reject Yazzie's disproportionality argument and AFFIRM his sentence.

**BACKGROUND**

Yazzie, driving drunk, hit another vehicle head-on on a highway located on a

Native American reservation, injuring a mother and her three children. As a result of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the accident, a grand jury indicted Yazzie on three counts of assault resulting in serious bodily injury occurring in Indian country, see 18 U.S.C. §§ 113(a)(6), 1153, naming the mother and her two youngest passengers as victims. Yazzie pled guilty to all three charges.

As directed by the sentencing guideline manual, the district court applied U.S.S.G. § 2A2.2 to calculate Yazzie's advisory sentencing range.[1] Section 2A2.2 applies to "Aggravated Assaults," including Yazzie's convictions for assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Using primarily § 2A2.2, the district court calculated Yazzie's total offense level to be twenty-one. That offense level, combined with Yazzie's criminal history category V (which included his four prior convictions for driving under the influence and one for driving while impaired), resulted in an advisory guideline range of seventy to eighty-seven months in prison. Yazzie concedes that the district court's guideline calculations were accurate. At sentencing, Yazzie argued for a below-guideline thirty-seven-month prison sentence, asserting the same disproportionality arguments he reiterates on appeal. The district court rejected those proportionality arguments and imposed a sentence in the middle of the guideline range, seventy-eight months in prison on each count, to run concurrently.

---

[1] The district court applied the 2015 version of the guidelines.

**DISCUSSION**

On appeal, Yazzie contends that his within-guideline sentence is substantively unreasonable. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Craig, 808 F.3d 1249, 1261 (10th Cir. 2015) (internal quotation marks omitted). We review the substantive reasonableness of a sentence for an abuse of discretion, reversing "only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." United States v. DeRusse, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted). In addition, we review de novo Yazzie's challenge to the validity of U.S.S.G. § 2A2.2. See United States v. Herula, 464 F.3d 1132, 1136 (10th Cir. 2006) (reviewing de novo legal questions pertaining to application of guidelines).

Important to our analysis here, we presume that a prison sentence that falls within a properly calculated guideline range is substantively reasonable.[2] See United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir. 2006) (per curiam). We apply this rebuttable presumption "even if the Guideline at issue arguably contains 'serious flaws' or otherwise 'lacks an empirical basis.'" United States v. Wireman, 849 F.3d 956, 964 (10th Cir. 2017) (alteration omitted) (citing cases). Yazzie contends that,

---

[2] Not all circuits apply such a presumption. The Second Circuit, for example, does not presume that within-guideline sentences are "reasonable when we review them substantively." United States v. Dorvee, 616 F.3d 174, 183 (2d Cir. 2010). Therefore, although Yazzie relies on the Second Circuit's Dorvee decision, it is not directly relevant.

for two reasons, that presumption is not warranted in his case because U.S.S.G. § 2A2.2 produces disproportionate sentences.

First, Yazzie contends that § 2A2.2 punishes reckless conduct resulting in serious bodily injury more severely than reckless conduct resulting in death. Yazzie specifically asserts that he received a longer sentence under U.S.S.G. § 2A2.2 for assault resulting in serious bodily injury than the sentence he would have received if he had killed his victims, which he contends would have been punished as involuntary manslaughter based on reckless conduct, see 18 U.S.C. § 1112. Looking at the guideline provisions relevant here, however, Yazzie is incorrect. The guideline applicable to involuntary manslaughter convictions provides for a base offense level of twenty-two for involuntary manslaughter if, as here, "the offense involved the reckless operation of a means of transportation." U.S.S.G. § 2A1.4(a)(2)(B). Section 2A2.2, on the other hand, provides for a base offense of fourteen for an aggravated assault conviction and adds, in this case, seven offense levels because Yazzie's offense resulted in permanent or life threatening bodily injury, see id. § 2A2.2(a), (b)(3)(C), for an offense level of twenty-one. See United States v. Tindall, 519 F.3d 1057, 1060-61 (10th Cir. 2008). Thus, Yazzie's guideline range, in fact, would not have been lower had he killed, rather than seriously injured, his victims.

Nor are we persuaded by Yazzie's further argument that his sentence is still disproportionate because his guideline range for assault resulting in serious bodily injury was only slightly less than what his guideline range would have been had he killed his victims. As an initial matter, Congress has chosen to punish assaults

4

resulting in serious bodily injury to a (slightly) greater extent than involuntary manslaughter, providing a statutory maximum of not more than ten years for assault resulting in serious bodily injury, 18 U.S.C. § 113(a)(6), compared to a statutory maximum of not more than eight years for involuntary manslaughter, see id. § 1112(b).

Moreover, it is only a matter of fortuity that Yazzie's recklessness resulted here in serious bodily injury rather than death. See generally Tindall, 519 F.3d at 1060-61 (noting that serious physical injury, for purposes of 18 U.S.C. § 113(a)(6), includes "bodily injury . . . involving . . . a substantial risk of death") (internal quotation marks omitted). That fact does not support the suggestion that Yazzie's guideline range, which appears to have been slightly shorter than the guideline range for involuntary manslaughter, is disproportionate.

The second reason that Yazzie contends U.S.S.G. § 2A2.2 produces disproportionate sentencing ranges is because, according to Yazzie, the Sentencing Commission did not intend for this guideline provision to apply to reckless conduct; rather, Yazzie asserts that the Sentencing Commission intended § 2A2.2 to apply only to more culpable intentional conduct.

Yazzie bases this argument on the fact that, after the Sentencing Commission drafted § 2A2.2, the Tenth Circuit, following several other circuits, held that a conviction for assault resulting in serious bodily injury can be premised on either intentional or reckless conduct. See United States v. Zunie, 444 F.3d 1230, 1235 (10th Cir. 2006); see also United States v. Ashley, 255 F.3d 907, 910-11 (8th Cir.

5

2001); <u>United States v. Loera</u>, 923 F.2d 725, 727-28 (9th Cir. 1991).  Thus, according to Yazzie, his reckless conduct falls outside the heartland of intentional conduct addressed by this guideline.

There is no indication, however, that that is so.  <u>See</u> <u>United States v. Nastacio</u>, No. CR 05-2047 JB, 2007 WL 1302617, at *6-*7 (D. N.M. Mar. 5, 2007) (unreported) (holding Sentencing Commission intended to include assaults based on recklessness when it drafted U.S.S.G. § 2A2.2); <u>cf.</u> <u>United States v. Pettigrew</u>, 468 F.3d 626, 640-41 (10th Cir. 2006) (upholding district court's decision to depart upward from guideline range calculated under U.S.S.G. § 2A2.2 because defendant's conduct in driving drunk was "excessively reckless").  The guidelines manual directs a sentencing court to use U.S.S.G. § 2A2.2 to calculate the sentencing range for convictions for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), but does not mention the mens rea required for those offenses.  Instead, the guidelines manual directs a sentencing court to apply § 2A2.2 to any type of assault that 18 U.S.C. § 113(a) criminalizes and punishes by up to ten years in prison. <u>See</u> <u>id.</u> § 113(a)(2), (3), (6), (8).  In the same vein, the guideline manual directs a sentencing court to apply different guidelines for assaults which Congress punished either more, <u>see</u> <u>id.</u> § 113(a)(1), or less, severely, <u>see</u> <u>id.</u> § 113(a)(4), (5), (7).  <u>See</u> U.S.S.G. §§ 2A2.1(a) (providing a base offense level of either thirty-three or twenty-nine for assaults with intent to commit murder, punishable by no more than twenty years in prison); 2A2.3(a) (providing base offense levels of either seven or four for 18 U.S.C. § 113(a) assaults punishable by a statutory maximum shorter than ten years

6

in prison). Rather than focusing on the mens rea of each type of § 113(a) assault conviction, then, the Sentencing Commission appears to have drafted a set of guidelines, at least in part, to base punishment for § 113(a) assault convictions on the statutory maximum sentences Congress provided for those offenses. See U.S.S.G. Ch. 1, Pt. A(4)(g); see also 28 U.S.C. § 994(b)(1). Yazzie's assertion, then, that the Sentencing Commission intended, instead, to limit U.S.S.G. § 2A2.2's application to intentionally (rather than recklessly) committed 18 U.S.C. § 113(a)(6) assaults resulting in serious injury is not persuasive.

## CONCLUSION

Ultimately a district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2), id. § 3553(a); only one of the 3553(a) factors involves an advisory sentencing range calculated under the guidelines. See Kimbrough v. United States, 552 U.S. 85, 100-01 (2007). Yazzie does not invoke any other 18 U.S.C. § 3553(a) factor to challenge the substantive reasonableness of his sentence. We, therefore, reject his proportionality arguments and uphold his sentence as substantively reasonable. We do not foreclose the district court, in another case, from choosing to impose a below-guideline sentence based on similar disproportionality arguments. But we cannot say here that the district court abused its discretion in Yazzie's case in

7

refusing to impose such a below-guideline sentence. We, therefore, AFFIRM

Yazzie's sentence.


Entered for the Court


David M. Ebel
Circuit Judge